IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CCA FINANCIAL, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: JKB-14-2449 |
| CAMBRIDGE PIZZA PALACE, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion[1] addresses the Complaint for Judgment by Confession ("Complaint") (ECF No. 1) that Plaintiff CCA Financial, LLC ("CCA") filed against Defendants Cambridge Pizza Palace, Inc. ("Cambridge Pizza"), Stella Kulukurgiotis, and Iordanis Kulukurgiotis (collectively, "Defendants"). For the reasons stated below, I direct that the Clerk of the Court enter judgment by confession against Defendants.

Local Rule 108.1 ("Judgment by Confession") provides:

> A complaint requesting the entry of judgment by confession shall be filed by the plaintiff accompanied by the written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages and supported by an affidavit made by the plaintiff or someone on that party's behalf stating the specific circumstances of the defendant's execution of said instrument and including, where known, the age and education of the defendant, and further including the amount due thereunder, and the post office address (including street address if needed to effect mail delivery) of the defendant.

Loc. R. 108.1.a.

Upon review of the documents required to be submitted by Local Rule 108.1,

the Court may direct the entry of judgment upon a finding that the aforesaid documents prima facie establish (1) a voluntary, knowing, and intelligent waiver

---

[1] On August 4, 2014, in accordance with 28 U.S.C § 636 and Local Rule 301.6.ak, Judge Bredar referred this case to me to review Plaintiff's Complaint for Judgment by Confession. ECF No. 7.

> by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages and (2) a meritorious claim of the plaintiff for liquidated damages against the defendant.

Loc. R. 108.1.b.

Here, CCA attached to its Complaint a demand promissory note (the "Note") (ECF No. 1-4) in which Cambridge Pizza borrowed $100,000, plus interest, from the Bank of the Eastern Shore ("Lender"). The Note provides that Cambridge Pizza, as the borrower, "will pay this loan in full immediately upon Lender's demand." ECF No. 1-4 at 1. Failure by Cambridge Pizza to make such a payment "shall constitute an event of default." *Id*. Upon default, the Note provides that "Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest, together with all other applicable fees, costs and charges, if any, immediately due and payable, and then [Cambridge Pizza] will pay that amount." *Id*. The Note also provides that Cambridge Pizza will "pay Lender's attorneys' fees and all of Lender's other collection expenses." *Id*. The Note provides in bold, capital letters that Cambridge Pizza "authorizes any attorney designated by Lender . . . [to] confess judgment without prior hearing against [Cambridge Pizza] in favor of Lender" for the unpaid balance of the Note, accrued interest, costs of the suit, and "attorneys' fees of fifteen percent (15%) of the unpaid balance of the principal amount of this note and interest then due." *Id*. at 2. The Note provides that it "shall inure to the benefit of Lender and its successors and assigns." *Id*. The Note is signed by Defendants Iordanis Kulukurgiotis and Stella Kulukurgiotis on behalf of Cambridge Pizza. *Id*.

Defendants Iordanis Kulukurgiotis and Stella Kulukurgiotis also signed commercial guarantees of Cambridge Pizza's performance under the Note (the "Guarantees"). ECF Nos. 1-5 & 1-6. The Guarantees authorize Lender to confess judgment against each of the guarantors to the same extent the Lender was authorized to confess judgment against Cambridge Pizza under

the Note. *Id*. The Guarantees specify that the successors and assigns of Lender may enforce the Guarantees by confessing judgment. *Id*.

Subsequent to the execution of the Note and the Guarantees, Lender was closed by the Maryland Commissioner of Financial Regulation. The Federal Deposit Insurance Corporation ("FDIC") was appointed as its receiver on April 27, 2012. *See* ECF No. 1 at 5. On October 5, 2012, the FDIC sold and assigned the Note and the Guarantees to CCA. *See* ECF Nos. 7 & 8. Through the Bill of Sale and Assignment, CCA obtained all of Lender's rights, title, and interest in the Note and the Guarantees. *Id*. On September 3, 2013, CCA demanded immediate repayment of the outstanding balance of the loan made in connection with the Note and the Guarantees, and warned Defendants that if the loan was not repaid, CCA would "initiate litigation to enforce its rights under the Note" and the Guarantees. ECF No. 1-9. CCA has attached proof that its demand letter of September 3, 2013 was received by Defendants. ECF No. 1-10. Defendants have failed to repay the loan, as required by the Note and the Guarantees. *See* ECF No. 1-11 at 4. Defendants' failure to repay the loan upon demand is an event of default under the Note. ECF No. 1-4 at 1.

I find that the Note and the Guarantees constitute the "written instrument[s] authoriz[ing] the confessed judgment and entitl[ing] Plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1.a. CCA has also attached the Affidavit of John Crowley, Plaintiff's counsel (ECF No. 1-11), which certifies the truthfulness of the assertions in the Complaint, authenticates the exhibits attached to the Complaint, and details the outstanding balance due under the Note. Because CCA purchased the Note and the Guarantees from the FDIC, it is unable to produce evidence describing the circumstances under which Defendants executed the documents. Nonetheless, Mr. Crowley's affidavit states that according to publicly available records, Mr. Kulukurgiotis was

born in 1965 and Mrs. Kulukurgiotis was born in 1969. ECF No. 1-11 at 3. Mr. Kulukurgiotis has been the resident agent of Cambridge Pizza since its Articles of Incorporation were filed in 1984. *Id*. In addition, the following sentence, in bold capital letters, is immediately above Mr. and Mrs. Kulukurgiotis's signatures on the Note:

> PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE.

ECF No. 1-4 at 2. Each of the Guarantees contains a similar provision. Mr. Crowley also states that "[o]n numerous occasions, [he] contacted Stella Kulukurgiotis through email, telephone and facsimile regarding payment of the Note." ECF No. 1-11 at 4. Finally, Mr. Crowley's affidavit states the mailing address and principal place of business for Cambridge Pizza, the mailing address and residence of Mr. and Mrs. Kulukurgiotis, and the amount due under the Note, including attorneys' fees, accrued interest, and costs. *Id*. at 3. I find that CCA has complied with the requirements of Local Rule 108.1.a. Furthermore, having reviewed the documents submitted by CCA, I find that the documents attached to the Complaint "prima facie establish . . . a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages." *See* Loc. R. 108.1.b.

I also find that Plaintiff, through its submissions, has established a "meritorious claim . . . for liquidated damages against" Defendant. *See id.* Mr. Crowley's affidavit provides that, as of July 21, 2014, Cambridge Pizza had an outstanding balance under the Note of $109,130.42, which is the sum of $94,598.88 in unpaid principal, $297.14 in accrued interest, and $14,234.40 in attorneys' fees (calculated as 15% of the sum of the unpaid principal and accrued interest). ECF No. 1-11 at 2.

Although the Note and the Guarantees permit CCA to seek attorneys' fees calculated as 15% of the sum of the unpaid principal and accrued interest, CCA is only seeking its actual attorneys' fees and costs, which amount to $3,260.00. ECF No. 1 at 6. This amount is approximately $11,000 less than the attorneys' fee award CCA is entitled to under the Note and the Guarantees. In support of its request for actual attorneys' fees and costs, CCA has submitted the Declaration of Jan I. Berlage (ECF No. 1-13). Mr. Berlage is the attorney of record for CCA, has been an attorney since 1995, and billed at an hourly rate of $350.00 in this case. Mr. Berlage was assisted in this representation by his associate, Ryan Notton, who billed at an hourly rate of $250.00, and a paralegal, who billed at an hourly rate of $150.00. The hourly billing rates for Mr. Berlage and the paralegal fall within the presumptively reasonable range in this district for attorneys with comparable experience, as set forth in Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases"). The hourly billing rate for Mr. Notton is slightly higher than the presumptive rate, but I nonetheless find that it is a reasonable hourly rate under the circumstances of this case. Mr. Berlage spent about 3.1 hours working on this case (of which 0.5 hours were not billed to CCA), and Mr. Notton spent more than 8.5 hours working on this case. CCA was not invoiced for the paralegal's time spent working on this case. I find that the time CCA's counsel spent working on this matter is reasonable, and will award CCA attorneys' fees in the amount of $2,860.00.

CCA also seeks taxation of costs in the amount of $400.00, which is the filing fee CCA incurred for filing its Complaint. Mr. Berlage's affidavit attests that this cost was actually incurred by CCA in connection with this litigation. The cost of filing is a reimbursable expense under the Local Rules. Accordingly, CCA will be awarded costs in the amount of $400.00. Altogether, CCA's costs and attorneys' fees amount to a total of $3,260.00.

In summary, I find that CCA's Complaint and the exhibits incorporated therein prima facie establish that Defendants voluntarily, knowingly and intelligently waived the right to notice and a prejudgment hearing on the merits of CCA's claim for liquidated damages, and that CCA has presented a meritorious claim for liquidated damages in the amount of $98,156.02 against Defendants.

Therefore, I direct the Clerk to enter the confessed judgment against the Defendants, jointly and severally, in the amount of $98,156.02, which includes the remaining balance of $94,598.88, interest in the amount of $297.14, and attorneys' fees and costs in the amount of $3,260.00.

I further direct the Clerk to ensure that notice of this entry is provided to the Defendants at the addresses listed below.

| | | |
|---|---|---|
| Cambridge Pizza Palace, Inc. | Stella Kulukurgiotis | Iordanis Kulukurgiotis |
| 600 Sunburst Highway | 6 Hatsawap Road | 6 Hatsawap Road |
| Cambridge, MD  21613 | Cambridge, MD  21613 | Cambridge, MD  21613 |

An implementing Order will follow.

Date:   September 30, 2014              /s/
                                        Timothy J. Sullivan
                                        United States Magistrate Judge